UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |
|---|---|
| BRENDA DEAN, : | Case No. 5:16-CV-1087 |
| Plaintiff, : |  |
| vs. : | OPINION & ORDER |
| : | [Resolving Doc No. 7] |
| OHIO DEPARTMENT OF MENTAL : |  |
| HEALTH AND ADDICTION : |  |
| SERVICES, et. al., : |  |
| Defendants. : |  |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Brenda Dean is a nurse at Heartland Behavioral Healthcare ("HBH"), a hospital operated by Defendant Ohio Department of Mental Health & Addiction Services ("ODMHAS").[1] On November 13, 2015, Plaintiff Dean was allegedly involved in an improper "strip search" of a patient at the hospital. This cases arises out of the disciplinary procedures Defendant ODHMAS took after that incident. In particular, Plaintiff Dean alleges that she is being denied her due process rights under the Supreme Court's decision in *Loudermill*[2] because she has not been afforded the opportunity to review the disciplinary records of other HBH employees who have faced comparable charges.[3] Without this information, Plaintiff contends that she cannot sufficiently present evidence in her defense at the pre-disciplinary hearing.

---

[1] Doc. 1.
[2] 470 U.S. 532, 538 (1985).
[3] Plaintiff has submitted a request for these records under Ohio Public Records Act, O.R.C. § 149.43.

Case No.5:16-cv-1087
Gwin, J.

Plaintiff filed for a temporary restraining order from this Court.  Plaintiff states that on May 6, 2016 at 10:30am, Defendant will conduct a pre-disciplinary hearing in violation of the due process requirements embodied in *Loudermill*.  Plaintiff seeks to enjoin this hearing

> unless and until plaintiff and her counsel shall have been afforded not less than seven (7) full calendar days to review all of the records of disciplinary action initiated or taken against other employees of HBH from January 1, 2005 through May 6, 2016, where the alleged acts or omissions of such other HBH employees resulted in claims asserted by HBH management that such employees committed violations of policies, procedures, or rules that made each such employee susceptible to a sanction of removal.[4]

**I. Legal Standard**

In deciding a motion for a temporary restraining order, the Court must consider the traditional four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent a stay; (3) whether granting the stay would cause substantial harm to others; and (4) whether the public interest would be served by granting the stay."[5] No one factor controls; instead courts balance all four factors.[6]

Moreover, under Federal Rule of Civil Procedure 65,

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

---

[4] Doc. 7-1 at 2.
[5] *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (citing *Ne. Ohio Coalition for the Homeless v. Blackwell*, 467 F.3d. 999 at 1009 (6th Cir. 2006)).
[6] *In re De Lorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir.1985) ( "[T]he four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met.").

-2-

Case No. 5:16-cv-1087
Gwin, J.

> **(B)** the movant's attorney certifies in writing any efforts made to give
> notice and the reasons why it should not be required.

**II. Discussion**

Plaintiff has not met her burden of showing that she is entitled to a temporary restraining order.

First, it is far from apparent that Plaintiff would succeed on her claim that under *Loudermill* she has a constitutional right to review the disciplinary proceedings of *other* HBH employees. *Loudermill* stands for the proposition that a public employee has the right to be "given an opportunity for a hearing *before* he is deprived of any significant property interest."[7] However, this proposition does not necessarily confer the right to review ten years worth of disciplinary records before a pre-disciplinary hearing.[8] Indeed, Plaintiff offers no support for the supposed constitutional right to this discovery, nor can the Court find any.

Plaintiff wraps her argument in a false syllogism. ODMHAS Policy HR-22(C)(2) guarantees that no adverse job action can be taken against Dean except upon "just cause."[9] The Ohio Supreme Court has held that a hearing officer charged with determining "just cause" applies a seven-part test. Step six of this test looks at whether the "company applied its rules,

---

[7] *Loudermill*, 470 U.S. at 542 (quoting *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971)). The Court agrees with Plaintiff's contention that, because she is a public sector employee, she cannot be deprived of her property interest in her job without due process of law. However, this is merely the threshold inquiry. "Once it is determined that the Due Process Clause applies, 'the question remains what process is due.'" *Id.* at 541 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)).

[8] It is correct that the *Loudermill* Court discussed the importance of an opportunity to "invoke the discretion of the decisionmaker" in determining "the appropriateness or necessity of the discharge." *Loudermill*, 470 U.S. at 543. However, even though a discussion of discretion is proper at a *Loudermill* hearing, this Court can find no basis for the conclusion that an employee is entitled to review a large volume of private employee files to cull for examples of similar disciplinary actions.

[9] Doc. 1 at ¶ 9.

-3-

Case No.5:16-cv-1087
Gwin, J.

orders, and penalties even-handedly and without discrimination to all employees."[10] According to Plaintiff, "anything less than full compliance" with this six-part test "would compromise Dean's constitutionally-protected guarantees to avoid deprivation of her property right in continued employment in the public sector without due process."[11] As a result, Plaintiff concludes that the pre-disciplinary hearing must be stopped until she is given access to HBH's personnel files.

The logic of Plaintiff's syllogism fails at two points. Ohio's seven-part test does not define the bounds of *constitutional* due process. And even if it did, mere reference to "even handed" application of the rules does not entitle Plaintiff to review years' worth of Defendant's employment and disciplinary records.

Even if Plaintiff could make a stronger showing on the merits, her motion for a TRO fails for a more fundamental reason. There is no evidence of irreparable harm at this time. Plaintiff admits in her complaint that the pre-disciplinary hearing that Plaintiff seeks to enjoin will not result in her termination. Instead, the employee who conducts the hearing will "make a recommendation to the Chief Executive Officer of HBH, who would make a 'final decision.'"[12] Thus, if Plaintiff could make a showing of a constitutional deprivation at the hearing, there will be time to remedy the error before termination.

---

[10] Doc. 7 at 7-8. Plaintiff also points to step seven: "Was the degree of discipline administered by the company in a particular case reasonably related to (a) the seriousness of the employee's proven offense, and (b) the record of the employee in his service with the company." *Id.*
[11] Doc. 7 at 8.
[12] Doc. 1 at ¶ 10; Pl. Br. at 9.

-4-

Case No.5:16-cv-1087
Gwin, J.

      This Court **DENIES** Plaintiff's motion for a temporary restraining order.


IT IS SO ORDERED.


Dated: May 6, 2016                                           *s/        James S. Gwin*
                                                                    JAMES S. GWIN
                                                                    UNITED STATES DISTRICT JUDGE